IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA A. STANGE and<br>ARLEN R. STANGE,<br><br>    Plaintiffs,<br><br>v.<br><br>BLOCK DRUG COMPANY INC,<br>COLGATE-PALMOLIVE COMPANY,<br>COTY, INC., DANA CLASSIC<br>FRAGRANCES, INC., GOLD BOND CO.,<br>LLC, MARTIN HIMMEL, INC., PFIZER,<br>INC., and WALGREENS CO.,<br><br>    Defendants. | Case No. 3:25-CV-161-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiffs Linda A. Stange and Arlen R. Stange ("Plaintiffs"). (Doc. 8). Defendant Colgate-Palmolive Co. ("Colgate") filed a response in opposition. (Doc. 9). For the following reasons, Plaintiffs' Motion is denied.

### BACKGROUND

On January 31, 2025, Plaintiffs filed a complaint in the Circuit Court of St. Clair, County, Illinois, alleging Linda Stange developed mesothelioma due to asbestos exposure from talcum powder products. (Doc. 1-1). Plaintiffs brought state law claims of negligence, willful and wanton conduct, and conspiracy against eight defendants, one of which, Walgreens Company, is alleged to be a citizen of Illinois. (Docs. 1-1, 8). Colgate removed the action to this Court on February 4, 2025, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. (Doc. 1).

On March 5, 2025, Plaintiffs filed the instant Motion to Remand, arguing solely that Colgate's removal was procedurally defective in that all properly joined and served defendants at the time of removal did not join in or consent to the removal. (Doc. 8). Specifically, Plaintiffs argue that Defendants Block Drug Company Inc. ("Block Drug") and Martin Himmel, Inc., were both served on February 4, 2025.[1] (Docs. 8-3, 8-4). Because Colgate removed the case on February 4, 2025, Plaintiffs argue, both Block Drug and Martin Himmel were required to join in or consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A). Plaintiffs assert that Colgate's failure to obtain these Defendants' joinder or consent renders the removal procedurally defective and the case must be remanded to state court.

In response, Colgate argues that the *time* of service is critical, and that Plaintiffs' affidavits of service defeat their own motion. (Doc. 9). Those affidavits, as well as the Court's docket, show that Colgate filed its Notice of Removal on February 4, 2025, at 1:53 p.m. (Doc. 1). That same day, Block Drug was served at 2 p.m. (Doc. 8-3), and Martin Himmel was served at 4 p.m. (Doc. 8-4). Therefore, Colgate avers, it filed its Notice of Removal before Block Drug or Martin Himmel were properly joined and served, and their consent or joinder to the removal was not required. (Doc. 9).

Plaintiffs did not file a reply brief.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

---

[1] There is no dispute that all other Defendants were served after February 4, 2025.

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Removal under 28 U.S.C. § 1441 "should be construed narrowly and against removal." *People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

A plaintiff may challenge removal by filing a motion to remand the case back to state court. Remand to state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013). "A motion to remand must be granted if the case removed from state court could not have been brought in federal court originally for lack of subject-matter jurisdiction." *Sarauer v. Int'l Ass'n of Machinists, Dist. No. 10*, 966 F.3d 661, 668 (7th Cir. 2020) (citing 28 U.S.C. §§ 1441(a), 1447(c)).

## DISCUSSION

The procedure for removal of civil actions is outlined in 28 U.S.C. § 1446. The statute provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Defendants who have not been served need not join in or consent to a removal petition. *City Of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011); *see also Tidwell v. Trotter*, No. 24-CV-01645-SPM, 2024 WL 4692202, at *2 (S.D. Ill.

Nov. 6, 2024) ("Consent is only required of those defendants who have been served prior to removal."); *Howard v. Riley*, No. 13-CV-1231, 2013 WL 4201409, at *2 (C.D. Ill. Aug. 14, 2013) (named defendant that was not properly served prior to filing of notice of removal does not need to consent to removal); *Davis v. Averitt Express, Inc.*, No. CIV A 06 C 5793, 2006 WL 3883322, at *3 (N.D. Ill. Dec. 28, 2006) (defendant served after a removal petition has been filed need not consent to removal because the case is already in federal court).

Here, there is no dispute, based on the Proof of Service of Summons filed by Plaintiffs, that Block Drug and Martin Himmel were served *after* the Notice of Removal was filed. Plaintiffs do include a footnote in their Motion to Remand referring to Rule 6 of the Federal Rules of Civil Procedure, which states that if a time period is stated in days, then the time period is counted in days. FED. R. CIV. P. 6(a)(1). But if the period is described in hours, then every hour is counted. FED. R. CIV. P. 6(a)(2). And 28 U.S.C. § 1446 generally refers to all periods in days and not in hours. *See* 28 U.S.C. § 1446. The Court is not persuaded, however, that Rule 6 has any relevance to this factual scenario. Rule 6(a) is titled "Computing Time" and generally explains how to calculate a deadline when a rule, order, or statute does not otherwise specify. Here, there is no calculation or computation that needs to be done. The Notice of Removal was filed at 1:53 p.m. before any other Defendant in this case was served. Therefore, Colgate did not need any other defendant's joinder or consent. Plaintiffs' Motion to Remand will be denied.

A final note. While the Court is fairly confident it has subject matter jurisdiction based upon a review of the entire record, the Notice of Removal itself is deficient in that its citizenship allegations are based upon "information and belief" after a "good-faith investigation." (Doc. 1 at ¶¶ 7-15). In the Seventh Circuit, allegations of citizenship based on

"information and belief" are insufficient to establish diversity jurisdiction. *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, No. 16 CV 10969, 2017 WL 4310671, at *1 (N.D. Ill. Sept. 28, 2017) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). Additionally, neither the Complaint nor the Notice of Removal identify the members of Gold Bond Co. LLC, even though a limited liability corporation's citizenship depends on the citizenship of *each* of its members. *Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (recognizing that the pleading must identify each member of the LLC and the citizenship of each of those members). Colgate will be granted leave to amend its Notice of Removal to provide the Court with sufficient information to be assured of its own jurisdiction.

## CONCLUSION

For these reasons, the Motion to Remand filed by Plaintiffs Linda A. Stange and Arlen R. Stange (Doc. 8) is **DENIED**.

Defendant Colgate-Palmolive Co. is **GRANTED** leave to file an Amended Notice of Removal on or before **October 24, 2025**.

**IT IS SO ORDERED.**

DATED:   October 10, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**